**EDWARD M. ROBINSON (CA Bar 126244)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office: (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Donavin Dwayne Bradford*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONAVIN DWAYNE BRADFORD,<br><br>　　　　Defendant. | Case No. 22-cr-00362-JAK-1<br><br>**DEFENDANT DONAVIN DWAYNE BRADFORD'S SENTENCING MEMORANDUM; EXHIBITS IN SUPPORT**<br><br>DATE: October 26, 2023<br>TIME: 8:30 AM<br>Courtroom of the<br>Honorable John A. Kronstadt |

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

THE PRESENTENCE REPORT AND RECOMMENDATION ...................................1

18 U.S.C. § 3553 ANALYSIS.............................................................................................1

    I.    Personal History and Characteristics .................................................................2

    II.   Deterrence .............................................................................................................2

    III.  Protecting the Public ...........................................................................................3

CONCLUSION.....................................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Gall v. United States*,
    552 U.S. 38 (2007).............................................................................................1

*Kimbrough v. United States*,
    522 U.S. 85 (2007).............................................................................................1

*Tapia v. United States*,
    564 U.S. 319 (2011)...........................................................................................1

*United State v. Cole*,
    622 F. Supp. 2d 632 (N.D. Ohio 2008) ............................................................3

*United States v. Rodriquez*,
    527 F.3d 221 (1st Cir. 2008)..............................................................................1

**Statutes**

18 U.S.C. § 3553.........................................................................................1, 2

## INTRODUCTION

Defendant Donavin Dwayne Bradford has led an unimaginably difficult life. This informs this Court's determination of an appropriate sentence, individually tailored to who Mr. Bradford is. For the reasons set forth below, and in accordance with the 18 U.S.C. § 3553(a) mandate, Mr. Bradford respectfully requests that this Court sentence him to the mandatory minimum sentence available.

## THE PRESENTENCE REPORT AND RECOMMENDATION

Mr. Bradford does not contest the advisory Guidelines calculation set forth in the presentence report. (PSR at 5; PSR ¶¶ 34-155.)

In its letter to the Court, Probation recommends a sentence of life as to each of Counts 1, 2, 5, 7, and 9; 360 months each as to Counts 3, 4, and 6; and 120 months as to Count 8. (Doc. 96 at 2.)

## 18 U.S.C. § 3553 ANALYSIS

18 U.S.C. § 3553(a) requires that a sentencing court impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing. *Kimbrough v. United States*, 522 U.S. 85, 90 (2007). The sentencing factors, which must be analyzed against the parsimony clause of 18 U.S.C. § 3553(a) represent the major sentencing considerations of "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011). While the Guideline sentencing Range is a "starting point and initial benchmark," the Guidelines are not the sole, nor even the first among the factors that Congress has commanded the court to apply pursuant to Section 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). Instead, in reaching a decision on what constitutes an appropriate sentence, the district court should "consider all relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *United States v. Rodriquez*, 527 F.3d 221, 228 (1st Cir. 2008) (emphasis supplied.)

1

## I.    **Personal History and Characteristics**

Mr. Bradford has had an extraordinarily difficult life. He was homeless for much of his childhood and had to panhandle to get by. (PSR ¶ 182; Exhibit A.) As his wife notes, he has been in "survival mode" since the time they met as teenagers. (Exhibit A.) She further highlights that "the most fundamental stage of his life were failed, from not having the adequate amount of food, safety, love, and nurturing in order for him survive." (Exhibit A.) While Mr. Bradford has never had any mental health treatment, he has always felt "depressed and anxious." (PSR ¶ 194.)

Mr. Bradford suffered abuse at the hands of his mother and stepfather. (PSR ¶ 183.) He also witnessed his stepbrother physically abuse his mother, including one time when he was just six years old, and his mother was hospitalized as a result. (PSR ¶ 180.) At age 11, Mr. Bradford witnessed someone being shot and killed. (PSR ¶ 186.) Sadly, Mr. Bradford's father was absent throughout most of his life. (PSR ¶ 178.)  This lack of a male figure has caused him immense pain. (Exhibit A.)

Due to this instability, Mr. Bradford ran away at age 14 and lived on the streets, with friends, and in his car. (PSR ¶ 183.) Throughout his life, he has turned to substance abuse to "escape and numb his pain." (PSR ¶ 204.) His wife describes how he has "always felt lost, alone, misunderstood." (Exhibit A.)

## II.    **Deterrence**

18 U.S.C. § 3553(a)(2)(B) requires that the Court consider the need for the sentence imposed to afford adequate deterrence to criminal conduct. While this Court must consider both general and individual deterrence, two very important examinations of the concepts must be considered. First, the anecdotal notion that longer sentences have a greater general deterrent effect is belied by empirical and academic findings. The United States Sentencing Commission has found that "[t]here is no correlation between recidivism and Guidelines' offense level. Whether an offender has a low or high Guideline offense level, recidivism rates are similar. While surprising at first glance, this finding should be expected. The Guidelines' offense level is not intended or

2

designed to predict recidivism." *See* U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES, at 15 (2004). To sentence Mr. Bradford to a life sentence to deter the community is unnecessary and misguided.

The second, and more relevant consideration deals with the ethical tension between general and individual deterrence. It is not right, given the individualized nature of sentencing, to imprison Mr. Bradford to a life sentence to set an example for others. As the district court stated in *United State v. Cole*, 622 F. Supp. 2d 632 (N.D. Ohio 2008), "[g]eneral deterrence uses a utilitarian calculation, subjecting defendants to longer periods of incarceration than retribution requires to 'send a message' to other potential offenders. Inherent in this general deterrence calculation is a tension between individual dignity and societal good, begging the question: Is it ethical to impose a greater-than necessary punishment upon an individual criminal defendant to protect society at large?" To make an example out of Mr. Bradford, based upon a misguided notion that others would not commit similar crimes if he were sentenced to life in prison is contrary to the individualized sentencing requirements resurrected post-*Booker* and calls into question the ethics of this type of sentencing as identified by the district court in *Cole*.

## III.   Protecting the Public

Perhaps the most important factor for this Court to consider is protecting the public from future crimes of Mr. Bradford. A mandatory minimum sentence, with the opportunity to participate in the RDAP program while in custody, accomplishes the goals of this factor here.

**CONCLUSION**

For the reasons set forth above, as well as those set forth in the record of this case, counsel for Mr. Bradford respectfully requests that this Court impose the mandatory minimum sentence.

Respectfully submitted,


DATED:  October 11, 2023          By  */s/ Edward M. Robinson*
                                      Edward M. Robinson

                                      Attorney for Defendant
                                      *Donavin Dwayne Bradford*

4